**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

LYRICAL CORP. II, LLC,
Plaintiff,
v.
LYRICAL MEDIA LLC,
Defendant.

Case No. 2:26-cv-04949-SPG-SSC

**ORDER DENYING MOTION FOR SANCTIONS [ECF NO. 29, 29-1]**

Before the Court is the Motion for Sanctions, filed by Defendant Lyrical Media LLC ("Defendant"). *See* (ECF No. 29-1 ("Motion")). The Court has considered the Motion and determined that the Motion is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); *see also* C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the record in the case, and the governing law, the Court DENIES the Motion.

## I. BACKGROUND

According to Plaintiff Lyrical Corporation II, LLC's ("Plaintiff") Complaint, Plaintiff is a New York limited liability company that licenses trademarks. *See* (ECF No. 1, Complaint, ¶¶ 2, 7). In 2003, Plaintiff registered the mark "LYRICAL" for use in connection with investment, financial management, and advisory services, including investments in the media and entertainment industry. *See* (ECF No. 39, Declaration of James Saul ("Saul Declaration"), ¶ 2); *see also* (Compl. ¶ 11 (listing licensees' investments

in media). The United States Patent and Trademark Office ("PTO") classifies trademark registrations based on the use of a trademark for particular goods and services and, in Plaintiff's application, Plaintiff indicated that it intended to use the trademark for the PTO's Class 36. *See* (Saul Decl. ¶ 2); *see also* 2 McCarthy on Trademarks and Unfair Competition § 19:56 (5th ed.) (addressing classifications based on goods and services).

Defendant Lyrical Media LLC is "a company engaged in the business of collaboration, development, and production of projects across multi-media formats, including film, television, podcasts, video games, and graphic novels." (ECF No. 29-2, Declaration of Jon Rosenberg ("Rosenberg Declaration"), ¶ 2).[1] In 2021, Defendant filed an application to register the mark "LYRICAL MEDIA" for use in three classes of goods and services. *See* (Compl. ¶ 17). In its application, Defendant wrote that it intended to use the mark for project financing, under the PTO's Class 36, to develop and produce film, television, video games, podcasts, and graphic novels. *See* (ECF No. 29-3, Declaration of Jacqueline Lesser ("Lesser Declaration"), Ex. 5). Defendant also wrote that, under Class 41, Defendant intended to use the mark for developing television programs, podcasts, films, video games, and graphic novels and, under Class 42, Defendant intended to use the mark for video game development services. *See* (*id.*).

In 2017, Plaintiff inadvertently allowed its trademark registration for the LYRICAL mark to lapse. *See* (Saul Decl. ¶ 2).[2] Plaintiff filed an application to renew its registration

---

[1] Pursuant to the Court's Standing Order for Newly Assigned Civil Cases, "[i]f a filed or lodged document has declarations, exhibits, or other attachments, each attachment must be filed as a separately docketed attachment to the main docket entry with a description of the attachment." (ECF No. 11, § C.2). Defendant did not file the exhibits in support of its Motion as separately docketed entries. In the future, the Court may decline to consider exhibits that are not filed as separately docketed entries. *See* (*id.*).

[2] Defendant has filed an evidentiary objection, requesting that the Court strike paragraph two of the Saul Declaration. *See* (ECF No. 41). In support, Defendant claims that "Mr. Saul falsely affirms under oath personal knowledge over a trademark application and registration that he did not prosecute or maintain." (ECF No. 41). Based on Mr. Saul's sworn statement that, unless stated otherwise, he has personal knowledge of the matters stated in his declaration, *see* (Saul Decl. ¶ 1), the Court overrules Defendant's objection

in March 2022 but, in December 2022, the PTO suspended Plaintiff's application. *See* (ECF No. 29, Lesser Decl., Exs. 3–4). The PTO's suspension notice explained that the PTO had determined that Defendant's prior-filed application may bar Plaintiff's application because of the likelihood of confusion with Defendant's registered mark. *See* (*id.*). In September 2023, the PTO granted Defendant's application for the LYRICAL MEDIA mark and, in February 2024, denied Plaintiff's application for the LYRICAL mark. *See* (Lesser Decl., Ex. 5).

In July 2024, Plaintiff contacted Defendant, demanding that Defendant delete the Class 36 services from its trademark registration. *See* (Rosenberg Decl., Ex. 1). The parties were unable to reach an agreement and, in August 2024, Plaintiff file a petition with the United States Trademark Trial and Appeal Board ("TTAB") to cancel Defendant's registration to use the LYRICAL MEDIA mark for the Class 36 services. *See, e.g.*, (ECF No. 39-1, Saul Decl., Ex. A). In September 2024, Plaintiff sent a cease-and-desist letter to Defendant, demanding that Defendant cancel its registration for the Class 36 services and immediately cease using any trademark incorporating the word "Lyrical" in connection with project financing services, investment services, and related goods and services. *See* (ECF No. 39-2, Saul Decl., Ex. B). In October 2024, Defendant agreed to cancel its trademark registration for the Class 36 services, *see* (ECF No. 39-3, Saul Decl., Ex. C), and, in December 2024, the parties filed a joint motion with the TTAB to cancel Defendant's registration for the Class 36 services, without altering Defendant's registration for the Class 41 and Class 42 services. *See* (ECF No. 39-6, Saul Decl., Ex. F).

According to the Complaint, after Defendant agreed to delete the Class 36 services from its trademark registration, Defendant continued to provide project financing and investment services under the LYRICAL MEDIA mark. *See* (Compl. ¶ 21). Specifically, in connection with the instant Motion, Plaintiff has introduced as exhibits articles from Variety and Deadline that discuss Defendant's work financing movies, television shows,

---

and accepts Mr. Saul's statement that Plaintiff inadvertently allowed its trademark registration to lapse.

video games, animation, and podcasts, as well as venture investing. *See, e.g.*, (ECF No. 39-11, Saul Decl., Ex. K); *see also* (ECF No. 39-10, Saul Decl., Ex. J). Plaintiff has also presented evidence that, as recently as March 2026, Defendant has used a logo with the standalone word "Lyrical" to promote its services. *See* (ECF No. 39-8, Saul Decl., Ex. H).

Plaintiff filed this action in May 2026, asserting claims against Defendant for (1) trademark infringement, in violation 15 U.S.C. § 1114; (2) unfair competition, in violation of 15 U.S.C. § 1125(a); (3) common law trademark infringement; and (4) unfair competition. *See* (Compl. ¶¶ 37–62). On July 10, 2026, Defendant filed the instant Motion. Plaintiff filed an opposition brief on July 22, 2026, *see* (ECF No. 38 ("Opposition")), and Defendant filed a reply brief on July 29, 2026, *see* (ECF No. 40 ("Reply")).

## II. LEGAL STANDARD

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 sanctions are appropriate where an attorney or unrepresented party files a pleading that is "frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997); *see also* Fed. R. Civ. P. 11(b). Under this standard, courts should reserve sanctions for "rare and exceptional" cases. *See Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

Where the complaint is the primary focus of a Rule 11 motion, district courts must conduct a two-prong inquiry to determine: "(1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney [filing the complaint] conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). In addressing Rule 11, courts use the word "frivolous" to refer to "a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Id.* Even claims with "quite a weak" basis are not sanctionable, so long as counsel "had some plausible basis" for the claim. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001); *see also Riverhead Sav. Bank v. Nat'l*

*Mortg. Equity Corp.*, 893 F.2d 1109, 1115 (9th Cir. 1990) ("The key question in assessing frivolousness is whether a complaint states an arguable claim.").

"Although the 'improper purpose' and 'frivolousness' inquiries" under Rule 11 are "separate and distinct," the Ninth Circuit has said that "complaints are not filed for an improper purpose if they are non-frivolous." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). Accordingly, courts will not impose Rule 11 sanctions to "penalize the assertion of non-frivolous substantive claims, even when the motives for asserting those claims are not entirely pure." *Id.*

**III. DISCUSSION**

Defendant argues that Plaintiff's trademark infringement claims are frivolous. *See* (Motion at 9–10). To prove trademark infringement, a plaintiff must show (1) that the plaintiff possesses "a valid, protectable ownership interest in a trademark"; and (2) "defendant's use of a mark similar to plaintiff's trademark in a manner that is likely to cause consumer confusion." *Stark v. Diageo Chateau & Est. Wines Co.*, 907 F. Supp. 2d 1042, 1050 (N.D. Cal. 2012) (citing 15 U.S.C. § 1114(1)); *see also China Cent. Television v. Create New Tech. HK Ltd.*, No. 215CV01869SVWAJW, 2016 WL 11647218, at *7 (C.D. Cal. Nov. 7, 2016) ("California state law trademark infringement claims are subject to the same test as federal claims under the Lanham Act." (internal quotation marks omitted)).

The Ninth Circuit has articulated eight factors that are "relevant" to determine whether a defendant used a mark similar to a plaintiff's trademark in a manner that is likely to cause confusion: (1) the strength of the mark; (2) the similarity of the marks; (3) the proximity or relatedness of the goods or services; (4) evidence of actual confusion; (5) the marketing channels used; (6) the type of goods and degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion of product lines. *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979), *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003). However, "the foregoing list does not purport to be exhaustive,

and non-listed variables may often be quite important." *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999). These factors also "should not be rigidly weighed," *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998), and "the relative importance of each individual factor will be case-specific," *Brookfield Commc'ns*, 174 F.3d at 1054.

As the moving party, Defendant bears the burden of showing that Plaintiff's trademark claims are objectively frivolous. *See Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987). Defendant argues that Plaintiff's claims are sanctionable because Plaintiff has not shown "one of the eight *Sleekcraft* factors." (Motion at 9). However, the Ninth Circuit has "never countenanced a likelihood of confusion determination based . . . on the consideration of any single factor." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008). Based on Defendant's failure to address seven of the eight *Sleekcraft* factors in its Motion, *see* (Motion at 9–13), as well as the "intensely factual" nature of the infringement analysis, *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002), the Court finds it unnecessary to address the relatedness or proximity of Plaintiff and Defendant's services. Defendant has not met its burden to show that Plaintiff's trademark claims are objectively frivolous. For the same reason, the Court rejects Defendant's argument that Plaintiff filed the Complaint for an improper purpose. *See Townsend*, 929 F.2d at 1362.[3]

---

[3] "[T]he filing of a motion for sanctions is itself subject to the requirements of [Rule 11] and can lead to sanctions." *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001). In its Opposition, Plaintiff requests that the Court impose sanctions on Defendant for mischaracterizing certain allegations in the Complaint, as well as for mischaracterizing Plaintiff's position in settlement discussions. *See* (Opp. at 20–21). While the Court agrees that Defendant's Motion does not reflect a charitable interpretation of the Complaint or the evidence submitted by the parties, the Court does not find Defendant's characterization of Plaintiff's allegations and the evidence in the record amount to an abuse of the judicial process. *See Cooter*, 496 U.S. at 399.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion.

**IT IS SO ORDERED.**

DATED: August 17, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE